IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BECKY S. PALAMIDES, )
 )
      Plaintiff, )
vs. ) Civil Action No. 07-1696
 )
BOEHRINGER INGELHEIM )
PHARMACEUTICALS, INC., )
 )
      Defendant. )

**MEMORANDUM OPINION AND ORDER**

CONTI, District Judge.

### I. Background

Pending before this court is a motion for reconsideration (the "Motion") (ECF No. 82) of the granting of summary judgment in favor of defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("defendant" or "BIPI"). Becky S. Palamides ("plaintiff"), a female over the age of forty, commenced this case asserting an age discrimination claim against her former employer, BIPI.

On March 18, 2011, the court issued a Memorandum Opinion (the "Memorandum Opinion") (ECF No. 80) and order (ECF No. 81) granting summary judgment in favor of defendant. On April 1, 2011, plaintiff filed the Motion. For the reasons that follow, the Motion will be denied.

### II. Legal Standard

The general purpose of a motion for reconsideration under Rule 59(e) is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677

(3d Cir. 1999)). A Rule 59(e) motion for reconsideration is granted only if one of three situations is shown: "(1) an intervening change in controlling law; (2) the availability of new evidence [i.e., evidence not previously available];[1] or (3) the need to correct a clear error of law to prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The party bringing the Motion bears the burden of establishing one of the grounds.

> Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. . . . Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. . . .

Williams v. Pittsburgh, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998) (internal citations omitted).

### III. Discussion

Plaintiff argues that the court erred by granting summary judgment in favor of BIPI with respect to her claim asserted under the Age Discrimination and Employment Act ("ADEA"), as amended, 29 U.S.C. §§ 261 *et seq.*, and the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. §§ 951 *et. seq*. Plaintiff asserts that the court erred because it: (1) overlooked the evidence that the testimony of Eugene Simeone ("Simeone"), plaintiff's district manager, is unworthy of credence because his testimony was contradictory, (2) the court ignored critical evidence that Simeone engaged in a pattern of discrimination which began at the time plaintiff was hired, and

---

[1] "'[N]ew evidence,' for reconsideration purposes, does not refer to any evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because the evidence was not previously available." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251-52 (3d Cir. 2010).

2

(3) the court failed to consider properly statistical evidence that Simeone's employment decisions reveal a remarkable pattern of discrimination against older employees.

Plaintiff did not introduce new or unavailable evidence or show the need to correct clear error or prevent an injustice. Plaintiff is not arguing a change in the controlling law, or that there has been such a change in the law. Plaintiff is simply trying to relitigate issues that the court already determined. Plaintiff disagrees with the court's decision to grant summary judgment and is trying to reargue her case. Nonetheless, the court will briefly address each of her arguments.[2]

### A. The court overlooked the evidence that Simeone's testimony is unworthy of credence because his testimony was contradictory.

Plaintiff first claims that "[t]he court ignored record evidence that demonstrates Simeone's testimony regarding the UPMC Update is inconsistent, contradictory and ultimately implausible." (Pl.'s Br. 1 (ECF No. 83)). Plaintiff claims that since Simeone never asked her at the meeting on November 16, 2005, whether she attended the UPMC Update, he "hid the ball."

---

[2] Even if plaintiff brought the Motion pursuant to Rule 60(b), her claim would ultimately fail. A Rule 60(b) motion can be brought if the claimant can satisfy one of the elements set forth in the rule. The rule provides in part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Courts do not routinely grant Rule 60(b) motions. "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances must justify granting relief under it.'" Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir.1987) (quoting Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986)). If plaintiff brought the Motion for reconsideration pursuant to Rule 60(b), the court would deny her motion because it is not based on any of the six grounds set forth in Rule 60(b).

(Pl.'s Br. 3 (ECF No. 83)). Plaintiff asserts that she was unaware that her attendance at the UPMC Update was critical during her meeting with Simeone because he never asked her if she in fact attended the UPMC Update. This argument, however, was previously made by plaintiff and was found insufficient to raise a genuine issue of material fact. Prior to her termination, plaintiff had provided no evidence to BIPI that she met with Dr. Lemley or attended the UPMC Update on November 3, 2005. The information BIPI had at the time of the termination indicated that plaintiff falsified a call record. Palamides v. Boehringer Ingelheim Pharm., Inc., No. 07-1696, 2011 WL 1044641, at *10 (W.D. Pa. 2011).

### B. The court ignored critical evidence that Simeone engaged in a pattern of discrimination which began at plaintiff's hire.

The court already considered this argument at the summary judgment phase and concluded, on the record before the court, that no reasonable jury could find pretext.

Under the first prong of the test described in Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir.1994), for determining whether there are genuine issues of material fact about pretext, the moving party must submit evidence that could cause a reasonable fact-finder to discredit the employer's articulated reason for the adverse employment action. Palamides, 2011 WL 1044641, at *10. As instructed by the Court of Appeals for the Third Circuit:

> To discredit the employer's proffered reason, however, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.

Fuentes, 32 F.3d at 765 (citing Ezold v. Wolf, Block, Schorr and Solis-Cohen, 83 F.2d 508, 531 (3d Cir. 1992)).

4

The nonmoving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them "'unworthy of credence.'" Id. Plaintiff was unable to satisfy the first prong because the defendant's stated reason for plaintiff's termination was not so implausible that a fact-finder could disbelieve the reason. Several employees raised concerns about Palamides which ultimately led to the investigation which resulted in her termination. The concerns included that plaintiff left her territory between working hours, did not attend meetings and recorded calls that she did not actually make. Prior to her termination, plaintiff provided no evidence to defendant that she met with Dr. Lemley on November 3, 2005. The court adequately addressed this matter in the Memorandum Opinion.

Plaintiff also failed to establish the second prong of the Fuentes test. This prong permits a plaintiff to survive summary judgment only if he or she can demonstrate through evidence of record that: "discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Fuentes, 32 F.3d at 762.

> To show that discrimination was more likely than not a cause for the employer's action, the plaintiff must point to evidence with *sufficient probative force* that a factfinder could conclude by a preponderance of the evidence that [the protected activity] was a motivating or determinative factor in the employment decision.

Simpson v. Kay Jewelers Div. of Sterling, Inc., 142 F.3d 639, 644-45 (3d Cir. 1998).

Plaintiff did not satisfy the second prong because stray remarks, standing alone, are insufficient to establish pretext under the second prong of Fuentes. Fuentes, 32 F.3d at 767. Plaintiff was not employed by BIPI or present when the stray remarks were made by Simeone. Because Simeone was not a district manager at the time he made such remarks, the comments were not made by a superior. Except for plaintiff, Simeone had not fired anyone over the age of

5

forty. The court already determined that plaintiff did not satisfy the second prong of Fuentes. It is clear that plaintiff is simply trying to reargue issues that were already decided.

### C. The court failed to consider properly statistical evidence that Simeone's employment decisions reveal a "remarkable" pattern of discrimination against older employees.

The court already considered the statistical analysis of Dr. Joseph B. Kadane ("Kadane"). The court held that there was no evidence to show that people over the age of forty applied for the fifteen jobs at BIPI for which Simeone had hiring responsibility. Kadane did not list the ages of employees who applied for these jobs with BIPI. Plaintiff now argues this court should overlook that deficiency because it would be time-consuming and subjective to obtain that evidence. The court cannot agree. To request that information for fifteen positions is not unduly burdensome and to compare the ages of those who applied is not subjective. The court also held that the statistics, standing alone, do not show that Simeone preferred or more favorably treated employees under the age of forty. Palamides, 2011 WL 1044641, at *12. The plaintiff is trying to reargue an issue that the court already decided.

## IV. Conclusion

Viewing all the facts in the light most favorable to plaintiff and construing all reasonable inferences in her favor, a reasonable jury could not conclude BIPI discriminated against plaintiff by reason of her age. Again, plaintiff is simply trying to reargue claims that have been settled by the court. Therefore, the Motion will be denied.

# **ORDER**

**AND NOW,** this 9th day of August, 2011, upon reviewing plaintiff Becky S. Palamides's motion for reconsideration (ECF No. 82), and defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s opposition to plaintiff's motion for reconsideration (ECF No. 86), the motion for reconsideration is **DENIED.**

By the court,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
U.S. District Court Judge